# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:07CV121-RJC-DCK

| | |
|---|---|
| MARILYN MEDCALF, KERRY MOLLER, and STARR SLADE, Plaintiffs, vs. SUMMITT HOSPITALITY GROUP, LTD and JOHN SULLIVAN, Defendants. | **CONSENT CONFIDENTIALITY ORDER** |

To adequately protect material entitled to be kept confidential, expedite the flow of discovery and facilitate the prompt resolution of disputes over confidentiality, it is HEREBY ORDERED that:

1. Documents or information produced or provided by the parties during the course of discovery in the above-styled matter may be designated as "Confidential Information" so long as the party who seeks confidentiality has a good faith belief that such document or information is entitled to confidentiality under the terms of this Order.

2. For purposes of this Order, "Confidential Information" means (a) any personnel or personal information for employees of defendant Summitt [sic] Hospitality Group, Ltd. ("Summit"), its parent or subsidiaries, including any personnel database identifying such employees, (b) any document or information designated as confidential in accordance with paragraph 6 of this Order, and (c) any aggregation of Confidential Information. The identification of an individual document or category of documents or information as

1

Confidential Information under paragraphs 2(b) or 2(c) may be challenged pursuant to paragraph 9 of this Order.

3. For purposes of this Order, "Document" means all written, recorded, or graphic material, in hard copy or electronic format, including but not limited to deposition transcripts and exhibits, trial and hearing transcripts and exhibits, pleadings, motions, affidavits, and briefs that may quote, summarize, or contain Confidential Information.

4. For purposes of this Order, "Producing Party" means a party that produces Confidential Information or other information in connection with this litigation.

5. For purposes of this Order, "Recipient" means a named party in this litigation (or counsel thereto and their agents) who receives Confidential Information or other information in connection with the litigation.

6. A. The Producing Party may designate as Confidential Information any information it believes to be confidential, including, without limitation: (I) non-public information about a past, present or potential employee of Summit or a subsidiary, including personnel records, evaluations, compensation levels, databases, surveys, statistical analyses, analyses of personnel practices, or other information incorporating or aggregating information pertaining to individuals; (ii) trade secrets or other non-public proprietary, strategic or commercial information, data or research of Summit or one or more of its subsidiaries; and (iii) information concerning individuals' medical condition(s) or medical treatment(s).

B. To designate Confidential Information on Documents, the Producing Party shall place a legend or stamp upon the Document indicating such in a way that brings the

designation to the attention of a reasonable examiner, or otherwise puts the Recipient on reasonable notice that it contains Confidential Information. To designate Confidential Information in testimony (or in exhibits referred to therein), the Producing Party shall (a) make an oral statement to that effect on the record, or (b) notify the Recipient in writing at any time up until twenty (20) days after receipt of the transcript.

7. The Recipient of Confidential Information shall use that information solely in connection with this litigation, and shall not disclose Confidential Information to any person except:

    a) the Court and its officers (including court reporters);

    b) counsel of record in this action and employees of counsel in this action who have been actively engaged in the conduct of this litigation;

    c) Summit's or its subsidiaries' or affiliates' in-house counsel;

    d) experts or litigation consultants engaged by counsel to assist in this litigation, provided that these expert witnesses or litigation consultants expressly agree to be bound by the terms of this Order and not to disclose Confidential Information except as permitted herein;

    e) fact witnesses providing testimony by deposition or at any court proceeding in this case but only in accordance with the procedures set forth in paragraph 8 of this Order;

8. The Recipient of Confidential Information shall disclose such information to persons set forth in paragraph 7(e) of this Order only under the conditions set forth below:

    a) Prior to disclosure of Confidential Information to persons described in paragraph 7(e), the Recipient shall advise that person that, pursuant to this Order, he or she may not divulge such information to any other individual.

    b) Any person who receives Confidential Information pursuant to paragraph 7(e) shall execute an Agreement in the form annexed hereto as Exhibit A. Each original, executed Agreement shall be maintained in the files of the Recipient and shall be available for review by all counsel and parties upon reasonable notice.

c) The Recipient who discloses Confidential Information pursuant to paragraph 7(e) shall maintain a list specifically identifying the persons to whom the information was disclosed and the Bates number and/or other means sufficient to identify such information disclosed.

9. In the event the Recipient disputes the Producing Party's designation of individual documents or a category of documents or information as Confidential Information, the Recipient shall notify the Producing Party in writing of such dispute. In an effort to settle such dispute without judicial intervention, the parties shall meet and confer to determine whether the restrictions imposed by this Order are warranted with respect to such disputed information. If resolution of the dispute cannot be reached, the Recipient may apply to the Court for an appropriate determination. In connection with such an application, the Producing Party shall bear the burden to show that the information is entitled to continued protection under the Federal Rules of Civil Procedure and applicable case law. During the pendency of such dispute or application, and until the court may rule otherwise, the information designated Confidential Information shall remain subject to the designations and restrictions of this Order.

10. Inadvertent failure to designate Confidential Information shall not be construed as a waiver, in whole or in part, and may be corrected by the Producing Party by written notification to the Recipient promptly upon discovery of the failure to designate.

11. All information obtained by a Recipient in discovery in this litigation, regardless of whether it is Confidential Information, shall be used by the Recipient solely for the prosecution or defense of the claims in this litigation, and shall not be used by the Recipient in any other legal action, or for any business, commercial, competitive, personal, publicity, media or other purpose, except that nothing herein shall preclude Summit (or a subsidiary of it) from pursuing legal or other business action in discovered instances of misconduct as to its own

current or former employees or ensuring that its employees are acting in accordance with the law. No Recipient or other person to whom Confidential Information is disclosed shall copy, transcribe, or otherwise reproduce in written or any other form any part or portion of any Confidential Information except as necessary for purposes of the litigation.

12. Within fifteen business days after the conclusion of this litigation, by adjudication (including appeals) or otherwise, the Recipient shall return to the Producing Party all Confidential Information, all copies of such information, and any Documents incorporating such information. Alternatively, at the request of the Producing Party, the Recipient shall destroy all such materials and certify in writing that all such materials have been destroyed.

13. If any party attempts to file with the court, or introduce into evidence, or use in cross-examination any Confidential Information, whether as part of a document or deposition testimony or otherwise, counsel for the other party or parties may request the Court to preserve the confidentiality of the Confidential Information to the extent and by means the Court deems necessary and appropriate. The party submitting particular documents under seal shall accompany that submission with a motion to seal and a supporting memorandum of law in which the movant specifies the interests which would be served by restricting public access to those documents. The court will grant the motion only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the document(s). Documents submitted under seal in accordance with this paragraph shall remain under seal pending the court's ruling.

14. The restrictions set forth in this Order shall not apply to:

   a) information that was, is or becomes public knowledge through its authorized release by a person or entity who rightfully obtained and possesses such information during the normal course of business, and not in violation of this Order;

   b) Summit (or its subsidiaries), with respect to its own information or information received or created during the normal course of its own business.

Whether information that becomes a matter of public record in any other manner may still be subject to protection as confidential shall be determined according to the standards and procedures set forth in paragraphs 2 through 10 of this Order. The owner of Confidential Information shall be able to seek protection of that information in accordance with paragraph 6 of this Order even if it did not produce that information in discovery.

15. Nothing in this Order shall be deemed to be a limit or waiver of the attorney-client privilege, the work product privilege, or any other relevant privilege. Further, inadvertent production of privileged information shall not waive the privilege. If privileged information is inadvertently produced, the Recipient agrees that, upon request from the Producing Party, it shall promptly return all copies of Documents containing the privileged information, delete any versions of the Documents containing the privileged information on any database or computer filing system it maintains, and make no use of the privileged information.

16. Nothing in this Order shall prohibit any party from objecting to the production or disclosure of Confidential Information solely on the grounds that such information is confidential or sensitive, or on any other grounds. Furthermore, nothing in this Order shall preclude the parties from objecting to the admissibility or use of Confidential Information.

17. In the event any party obtains information of Summit's (or its subsidiaries) from a third party that Summit believes is confidential, Summit may designate such information Confidential Information pursuant to this and Order and it shall be treated as such in accordance with this Order. Should plaintiffs believe that such information obtained independently of discovery in this case should not be treated as Confidential Information, counsel for the parties shall confer and if unable to reach agreement over the disputed material, the parties shall jointly present the issue for resolution by the Court.

18. If a Recipient discloses Confidential Information in a manner not authorized herein, the Recipient must immediately and in writing notify the Producing Party of all pertinent facts relating to such disclosure and, without prejudice to other rights and remedies of the Producing Party, make every effort to prevent further disclosure by the Recipient or by the person to whom the Recipient disclosed such information.

19. The Court shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order.

Signed: October 9, 2007

David C. Keesler
United States Magistrate Judge

# EXHIBIT A

## AGREEMENT CONCERNING INFORMATION COVERED BY A PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA

The undersigned hereby acknowledges that he/she has read the Confidentiality Order ("Order") in <u>Marilyn Medcalf, Kerry Moller and Starr Slade v. Summit Hospitality Group, Ltd. and John Sullivan</u>, Civil Action No. 07-121 and understands its terms, agrees to be bound by each of those terms, and agrees to subject himself/herself personally to the jurisdiction of the United States District Court for the Western District of North Carolina for the purpose of enforcing its terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Confidential Information made available to him/her other than in accordance with the Order.

Dated: _____, 2007

By: _____

_____
(Type or print name of individual)

Of: _____
      Name of Employer